HARDY, Judge.
Plaintiff, Mrs. Esteila Fonville Peters, in this suit sought judgment recognizing her right to the use of a driveway and double garage, situated on Lot 162 of Pinehurst Subdivision in the City of Shreveport, and enjoining defendant from interfering therewith. Subsequent to the'filing’of an exception of nonjoinder, Mrs. Lucille Fonville Messer intervened as a party plaintiff. A plea of prescription on behalf of plaintiff and an exception of no cause or right of action, together with other pleas and motions on the part of defendant, which were resolved by the trial court, are not urged on appeal. After trial on the merits there was judgment rejecting plaintiff’s demands, from which they prosecute this appeal.
The facts involved are undisputed. F, M. Fonville, husband of the defendant, May B. Fonville, and father of the two plaintiffs by a previous marriage, died on February 16, 1945, leaving a last will and testament which contained, inter alia, the following provision:
“I will to my wife, May B. Fonville, if she is living with me as my wife at' the time of my death * * * the use or (usufruct) of the house at 436 Boulevard, Shreveport, La. together with all the household goods of every description to be used by her as her home during her lifetime. ■* * *”
Under the terms of the will other specific requests were left to defendant, and the remainder of decedent’s estate was bequeathed to the two plaintiffs and his grandson, Wm. R. Galbreath, share and share alike, in the proportions of an undivided .one-third to each-.
Decedent’s home, described in the will as the house at 436 Boulevard, was located on Lot 162 of Pinehurst Subdivision, upon which lot there was the driveway and garage involved in this litigation. These plaintiffs acquired -the interest of Wm. R. Galbreath.in Lot 162 of the Pinehurst Subdivision and are the sole owners thereof, subject to defendant’s right of use or usu-fruct. Plaintiff, Esteila F. Peters, is the owner o.f Lot 161 of Pinehurst Subdivision which adjoins Lot 162, having acquired the said property .by donation from her father some years prior, to his death. There is no drive or garage on Lot 161, and, prior to her father’s death, Mrs. Peters used the driveway and, garage op Lot 162. Subsequent to the death of Mr. Fonville, the widow, defendant herein, forbade the plaintiff, Mrs. Peters, the use of the driveway and garage on Lot 162, and as a consequence this suit was filed.
It is also material to a consideration of this - case to note that by instrument dated March:2, 1946, all parties to this suit, to *211 gether with Wm. R. Galbreath, entered into a contract of settlement or agreement with reference to their respective rights and inT terest in and to the estate of F. M. Fon-ville, deceased, the said contract containing the following provision with reference to the property involved in this suit:
“First party” (Mrs. May B. Fon-ville) “reserves and shall have the usu-fruct of the family house at No. 436 Boulevard, Shreveport, Louisiana, taxes and insurance thereon to be paid by second parties, as provided in decedent’s will.”
In support of plaintiff’s demands it is urged that defendant’s rights are governed by Article 548 of the LSA-Civil Code, and, alternatively, that defendant is not entitled to the exclusive use of the driveway and garage.
Article 548 of the LSA-Civil Code reads as follows:
“Usufruct in house. — Incidental rights. — The usufruct of a house carries with it the enjoyment of the house, of the profits which it may bring, and indeed of such furniture as is permanently fixed therein, even should the title by which the usufruct is established make no mention of the same.”
It is contended that the reference to incidental rights in the caption of the cqdal article restricts the usufructuary to the'enjoyment of'those things which are. specifically named and excludes all others, under the doctrine expressed by the maxim “ex-pressio unius est exclusio alterius”.
Upon this theory it is urged that since driveways and garages are not specifically designated as incidental rights appertaining to the usufruct of a house, they are perforce to be regarded as separate and distinct from the enjoyment of the use of the house. In view of the fact that there is no jurisprudence construing Article 548 of the LSA-Civil Code, learned counsel cites an array of authorities from the common law; with respect to implied easements.
We pretermit discussion of the common-law authorities because of the fact that we find no need for reference thereto in resolving the question here presented. We are impelled to a very definite and certain conclusion upon consideration of the plain and unambiguous wording of the article in question expressive of its true intent and purpose. We think it is plain that the codal article was concerned solely and exclusively with .a definition, by illustration, of the incidental rights of the house itself and did not intend to limit the enjoyment by a usufructuary of the ground upon which a house was located, together with such additional appropriate and necessary constructions which existed thereon.
Automobile driveways and garages did not exist at the time of the revision of the Louisiana Civil Code in 1870, and it is obvious therefore that any failure to name such constructions under the heading pi incidental rights cannot be'regarded as a persuasive circumstance. We think the application of this doctrine in the strict and technical sense' contended would result in depriving a usufructuary of the use of walks, out-houses, the enjoyment of shrubbery and flowers, on the property, which conclusion would be absurd and untenable.
It is a matter of common knowledge' that urban properties are referred -to by municipal numbers on named streets. The number refers not solely to a structure such as a house or a building, but to the property, or lot, upon which, the same is located. The use both in the will and contract of the designation, “436 Boulevard, Shreveport, Louisiana,” in our opinion conclusively indicates the intent and purpose both of the testator and of the later contracting parties to confirm defendant in the full and exclusive use and enjoyment of the house and the lot, including the driveway and garage.
With reference to the alternative demand, regardless of our feeling as to the reasonableness thereof, we find no authority which would justify .the relief sought. As usufructuary the defendant, as we have ob *212 served, is'entitled to the exclusive use; of the driveway' and garage, which necessarily comprehends the right to forbid the use thereof to any and' all other persons.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.